UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS VAZQUEZ, an individual,<br><br>                        Plaintiff,<br><br>v.<br><br>STEVEN RITTER, an individual; SAN YSIDRO HEALTH CENTER, INC., a business entity; CENTRO DE SALUD DE LA COMUNIDAD DE SAN DE YSIDRO, INC., dba SAN YSIDRO HEALTH CENTER, a business entity; and DOES 1-50, inclusive,<br><br>                        Defendants. | Case No.: 24-CV-1301 JLS (KSC)<br><br>**ORDER GRANTING DEFENDANT UNITED STATES'S MOTION TO DISMISS**<br><br>(ECF No. 7) |

      Presently before the Court is Defendant United States of America's Motion to Dismiss ("Mot.," ECF No. 7) pursuant to Federal Rule of Civil Procedure 12(b)(1). Also before the Court is Defendant Steven Ritter's Notice that he joins in Defendant United States's Motion to Dismiss. *See* ECF No. 10. Plaintiff has not opposed the Motion despite the requirements of Civil Local Rule 7.1(e)(2). *See generally* Docket. For the reasons that follow, the Court **GRANTS** Defendant United States's Motion pursuant to Civil Local Rule 7.1(f)(3)(c).

/ / /

# BACKGROUND

Plaintiff Jesus Vazquez initiated this action on March 25, 2024, in California state court. ECF No. 1-2 ("Compl.") at 1. Pursuant to the Federal Tort Claims Act ("FTCA"), the United States was substituted as a defendant in place of San Ysidro Health Center ("SYHC"). ECF No. 2. The United States then removed this action to federal court under 42 U.S.C. § 233(c). ECF No. 1 ("Notice of Removal") at 2.

Subsequently, Defendant Steven Ritter filed an Answer to Plaintiff's Complaint. *See* ECF No. 6. Thereafter, on September 24, 2024, Defendant United States filed its Motion to Dismiss. In its Motion, the United States argues this Court lacks subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies as required by the FTCA. *See generally* Mot. The Motion was originally noticed for hearing on November 14, 2024. Accordingly, per Civil Local Rule 7.1(e)(2), Plaintiff was required to respond to the Motion on or before October 31, 2025. He failed to do so. *See* Docket. Plaintiff's silence has since continued, though the Court noted his noncompliance when taking the Motion under submission. *See* ECF No. 9.

On November 20, 2024, despite having already filed an Answer, Defendant Steven Ritter filed a Notice that he joined in the United States's Motion to dismiss the Complaint. ECF No. 10.

# DISCUSSION

The Ninth Circuit has held that, pursuant to a local rule, a district court may properly grant a motion to dismiss for failure to respond to a motion. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) (affirming dismissal for failure to file timely opposition papers where plaintiff had notice of the motion and ample time to respond). Here, a local rule authorizes the Court to grant the Motion. Civil Local Rule 7.1(f)(3)(c) provides: "If an opposing party fails to file [an opposition] in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court."

In determining whether to dismiss an action on these grounds, the Court must weigh

several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of [sic] their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The first and fourth factors cut in opposite directions. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (stating the fourth factor weighs against dismissal). The Court therefore considers the substance of factors two, three, and five.

Here, the second factor weighs in favor of dismissal. The Court must manage its docket to ensure the efficient provision of justice. Plaintiff had notice of the Motion yet failed to file a timely opposition. Further, Plaintiff has not provided any excuse for said failure. The Court cannot continue waiting for Plaintiff to take action, and a case cannot move forward when the plaintiff fails to defend his case. Plaintiff's noncompliance is all the more notable because he has legal representation. *Cf. Jacobsen v. Filler*, 790 F.2d 1362, 1364–65 (holding that even a *pro se* litigant is not entitled to a warning of the consequences of failing to file an opposition).

The third factor, which considers the prejudice to a defendant resulting from a plaintiff's inaction, also favors dismissal. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987). Under this factor, "the risk of prejudice . . . is related to [Plaintiff's] reason for defaulting in failing to timely" file his opposition. *Yourish*, 191 F.3d at 991. Where, as here, a plaintiff fails to provide any excuse for his conduct or contact the Court regarding said failure, this factor weighs in favor of dismissal. *See, e.g.*, *Enders v. Countrywide Home Loans, Inc.*, No. C 09-3213SBA, 2009 WL 4018512, at *2 (N.D. Cal. Nov. 16, 2009).

As to the fifth factor, where the plaintiff does not oppose dismissal, it is "unnecessary for the Court to consider less drastic alternatives." *Rodriguez v. Nationstar Mortg. LLC*, No. 2:16–CV–5962–ODW(SK), 2016 WL 4581402, at *1 (C.D. Cal. Sept. 1, 2016). Still,

the Court did employ the less drastic alternative of giving notice to the Parties that no opposition had been filed. As noted above, the Court filed an Order vacating the hearing on the Motion and taking the matter under submission. *See* ECF No. 9. In that Order, the Court noted that no opposition had been filed, even though Civil Local Rule 7.1(e)(2) required Plaintiff to respond. *See id.* Nevertheless, Plaintiff remained silent. This factor therefore weighs in favor of dismissal as well.

## CONCLUSION

Accordingly, finding that the *Ghazali* factors weigh in favor of granting the unopposed Motion, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 7) pursuant to Civil Local Rule 7.1(f)(3)(c). The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint. Plaintiff **MAY FILE** an amended complaint curing the deficiencies identified in Defendant United States's Motion within fourteen (14) days of the date on which this Order is electronically docketed. Should Plaintiff fail to file an amended pleading in accordance with this Order, the Court will enter a final order dismissing this civil action based on Plaintiff's failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: May 5, 2025

Hon. Janis L. Sammartino
United States District Judge